NO. 23-10309

_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

_____


LEVI GOLDFARB and BENJAMIN
GOLDFARB,

                         Plaintiffs-Appellees,

        v.

RELIANCE STANDARD LIFE INSURANCE
COMPANY, an Illinois corporation,

                         Defendant-Appellant.

_____


On Appeal From The United States District Court For
The Southern District Of Florida, Case No. 22-CV-60804,
Hon. Federico A. Moreno, United States District Judge

_____


**APPELLEES' BRIEF**

                    LAWRENCE R. METSCH
                    METSCHLAW, P.A.
                    3900 Flamewood Lane
                    Hollywood, Florida 33021
                    Telephone: (305) 792-2540
                    Telecopier: (305) 792-2541
                    E-Mail: l.metsch@metsch.com
                    *Counsel For Plaintiffs-Appellees*

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT
No. 23-10309

LEVI GOLDFARB and BENJAMIN GOLDFARB,

Plaintiffs-Appellees,

v.

RELIANCE STANDARD LIFE INSURANCE
COMPANY, an Illinois corporation,

Defendant-Appellant.

Appellees Levi Goldfarb and Benjamin Goldfarb certify that the following persons and entities have interests in the outcome of this appeal:

- Bachrach, Joshua, Attorney for Defendant-Appellant.
- Goldfarb, Levi, Plaintiff-Appellee.
- Goldfarb, Benjamin, Plaintiff-Appellee.
- Metsch, Lawrence R., Attorney for Plaintiffs-Appellees.
- Metschlaw, P.A., Attorneys for Plaintiffs-Appellees.
- Moreno, Federico A., United States District Judge.
- Reliance Standard Life Insurance Company, Defendant-Appellant.
- Suarez, Tanya, Attorney for Defendant-Appellant.
- Tokio Marine Holdings, Inc., Parent Corporation of Defendant-Appellant.
- Wilson Elser Moskowitz Edelman & Dicker LLP, Attorneys for Defendant-Appellant.

LEVI GOLDFARB and BENJAMIN GOLDFARB,

                Plaintiffs-Appellees,

        v.

RELIANCE STANDARD LIFE INSURANCE
COMPANY, an Illinois corporation,

                Defendant-Appellant.

• Wilson Elser Moskowitz Edelman & Dicker LLP, Attorneys for
      Defendant-Appellant.

                METSCHLAW, P.A.
                Attorneys for Plaintiffs-Appellees
                3900 Flamewood Lane
                Hollywood, FL 33021
                Telephone: (305) 792-2540
                Telecopier: (305) 792-2541
                E-Mail: l.metsch@metsch.com

                by   *S/Lawrence R. Metsch*
                  LAWRENCE R. METSCH
                  FBN 133162

                DATED: May 21, 2023

## STATEMENT REGARDING ORAL ARGUMENT

Plaintiffs-Appellees Levi Goldfarb and Benjamin Goldfarb ("the Goldfarb Brothers") disagree with the contention of Defendant-Appellant Reliance Standard Life Insurance Company ("Reliance") that this appeal implicates important questions regarding the burden of proof and standard of review in cases that are governed by the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.* ("ERISA").

On the contrary, Reliance's appeal is a disingenuous effort, through litigation, retroactively to exclude mountain climbing from the Policy's accidental death coverage.

The Goldfarb Brothers respectfully suggest that Reliance's appeal be adjudicated without oral argument.

# TABLE OF CONTENTS

                                                                    Page

CERTIFICATE OF INTERESTED PERSONS.................  2

STATEMENT REGARDING ORAL ARGUMENT.........  4

TABLE OF CONTENTS.......................................  5

TABLE OF CITATIONS......................................  6

STATEMENT OF THE CASE...............................  8

INTRODUCTION...............................................  11

SUMMARY OF THE ARGUMENT.................................  15

ARGUMENT......................................................  16

      THE DISTRICT COURT CORRECTLY CONCLUDED
      THAT RELIANCE HAD ACTED ARBITRARILY,
      CAPRICIOUSLY AND UNREASONABLY BY
      DENYING THE GOLDFARB BROTHERS' CLAIMS
      FOR ACCIDENTAL DEATH BENEFITS UNDER THE
      POLICY.

CONCLUSION...................................................  19

CERTIFICATE OF COMPLIANCE..................................  22

CERTIFICATE OF SERVICE..............................  23

## TABLE OF CITATIONS
## (Page 1 of 2)

Pages

<u>FEDERAL STATUTE</u>

29 U.S.C. § 1132(a)(1)(B)..................................... 15

<u>CASES</u>

*Brownlee v. Mutual Benefit Health & Accident*
    *Association,* 29 F. 2d 71 (9th Cir. 1928).................... 11,12

*Chale v. Allstate Life Insurance Company,* 353 F. 3d
    742 (9th Cir. 2003)....................................... 13,14,19

*Erie Railroad Co. v. Tompkins,* 304 U.S. 64 (1938).......... 12f

*Goldfarb v. Reliance Standard Life Insurance Company,*
    2023 WL 1429799, 2023 U.S. Dist. LEXIS 1177
    (S.D. Fla. 2023)........................................... 14f

*Horton v. Reliance Standard Life Insurance Company,*
    141 F. 3d 1038 (11th Cir. 1998)................................ 15

*Knight v. Metropolitan Life Insurance Company,* 103
    Ariz. 100, 437 P. 2d 416 (1968)................................ 16,17,18

*Olson v. American Bankers Insurance Company of*
    *Florida,* 30 Cal. App. 4th 816, 35 Cal. Rptr. 2d
    897 (1994).................................................. 13f

*Paulissen v. United States Life Insurance Company*
    *in the City of New York,* 205 F. Supp. 2d 1120
    (C.D. Cal. 2022)........................................... 12,13

*Pilot Life Insurance Company v. Dedeaux,* 481 U.S.
    41 (1987).................................................. 12f

6

Pages

<u>THE BIBLE</u>

*Exodus,* 19:3.................................................................... 19f

*Exodus,* 24:15.................................................................. 19f

*Exodus,* 34:2-4................................................................ 19f

*Numbers,* 20:27............................................................... 19f

*Deuteronomy*, 34:1.......................................................... 19f

*I Kings,*18:42.................................................................... 20f

<u>BROADWAY</u>

*Climb Every Mountain*, from *Sound of Music*..................... 20,20f

# STATEMENT OF THE CASE[1]

The Goldfarb Brothers accept Reliance's Statement Of The Case, with the following addition:

The Policy, at pages 9.0 and 9.1 (App. 36-37), provides:

## ACCIDENTAL DEATH AND DISMEMBERMENT INSURANCE

Nothing in this section will change or affect any of the terms of the Policy other than as specifically set out in this section. All the Policy provisions not in conflict with these provisions shall apply to this section.

If you suffer any one of the losses listed below, as a result of an injury, we will pay the benefit shown. The loss must be caused solely by an accident which occurs while you are insured, and must occur within 365 days of the accident. Only one benefit (the larger) will be paid for more than one loss resulting from any one accident. The Amount of Insurance can be found on the Schedule of Benefits.

| LOSS OF: | AMOUNT OF INSURANCE: |
|---|---|
| Life................................................ | The Full Amount |
| Both Hands..................................... | The Full Amount |
| Both Feet........................................ | The Full Amount |
| The Sight of Both Eyes.................. | The Full Amount |
| Speech and Hearing....................... | The Full Amount |
| One Hand and One Foot............... | The Full Amount |
| One Hand and the Sight Of One Eye...................................... | The Full Amount |

---

[1] References to Reliance's Appendix will appear in this Appellees' Brief as follows: "App. ___".

One Foot and the Sight Of One

    Eye...................................... The Full Amount
One Hand..................................... One Half of the Amount
One Foot........................................ One Half of the Amount
Speech or Hearing........................... One-Half of the Amount
The Sight of One Eye...................... One-Half of the Amount

## EXCLUSIONS

A benefit will not be payable for a loss:

(1) caused by suicide or intentionally self-inflicted injuries; or

(2) a. other than death, caused by or resulting from War or any Act of War, declared or undeclared; or

    b.  resulting in death which occurs as a result of War or an Act of War, if the cause of death occurs while you are serving in the Military, or within six (6) months after termination of service in the Military.

        For purposes of this exclusion:

        "War" includes, but is not limited to, declared war and armed aggression by one or more countries resisted on orders of any other country, combination of countries or international organization.

        "Act of War" means any act peculiar to military, naval or air operations in time of war.

> "Military" includes persons serving on active duty; or
>
> (3) to which sickness, disease or myocardial infarction, including medical or surgical treatment thereof, is a contributing factor; or
>
> (4) sustained during your commission or attempted commission of an assault or felony; or
>
> (5) to which your acute or chronic alcoholic intoxication is a contributing factor; or
>
> (6) to which your voluntary consumption of an illegal or controlled substance or a non-prescribed narcotic or drug is a contributing factor.

The Policy does *not* define "accident". Reliance has *disclaimed* the applicability to this case of the Policy's exclusions for suicide or intentionally self-inflicted injuries. The Policy does *not* exclude coverage of a loss due to an injury suffered while mountain climbing. Because Dr. Goldfarb's mortal remains have not been recovered, it is *impossible* to determine whether sickness, disease or myocardial infarction contributed to his death.

**INTRODUCTION**

This appeal is not first time that the Federal Courts have been asked to navigate the intersection of mountain climbing and accidental death insurance coverage.

The undersigned's research has disclosed three (3) such reported cases, each of which was brought to the District Court's attention by the Goldfarb Brothers and none of which has been mentioned by Reliance in its brief.

*First,* in *Brownlee v. Mutual Benefit Health & Accident Association,* 29 F. 2d 71 (9th Cir. 1928), a diversity of citizenship action, the Court of Appeals reversed the District Court's directed verdict in favor of the accidental death insurer. The insured had disappeared while climbing Mount Hood in Hood River County, Oregon. Judge Norcross's majority opinion determined:

> It was the province of the jury to determine from the evidence submitted whether the insured met with an accident by falling into a crevasse of snow or ice, or into a canyon, or became lost and starved to death, tired and froze to death, or died from natural causes. If death was occasioned from one of the three latter possibilities, there was a greater or less probability, as the jury might have determined from the evidence, that the body would have been found during the search immediately following the disappearance, and, if not found then because of the drifting snow, that it would have been found during the search made in the summer. It is, of course, possible that a body could have lain in an open space, and not have been found; but there was evidence enough to leave that question for the determination of the jury. It is not

necessary that evidence be of such weight as to preclude
every possibility of error. It is only necessary that there be
substantial evidence to support the conclusion reached.
The search which the evidence showed was made was
sufficient to leave it a question for the jury to determine
whether death was the result of accident or one of the other
possible causes.

29 F. 2d at 75.[2]

*Second, Paulissen v. United States Life Insurance Company in the City of New*

*York,* 205 F. Supp. 2d 1120 (C.D. Cal., 2002), was a diversity of citizenship action

for accidental death insurance benefits brought by the widow of an experienced

mountain climber who had died from high-altitude pulmonary edema ("HAPE") while

on a group trek through the Himalayas. The insurer moved for summary judgment,

which motion the District Court denied. Applying California's substantive law,

Judge Collins reasoned:

Accordingly, U.S. Life- and its adjuster, John Hyland, are
incorrect that Plaintiff must demonstrate that Mr.
Paulissen's death resulted from "some intervening element

---

[2] *Brownlee, supra,* was decided ten years before the Supreme Court of the
United States, in *Erie Railroad Co. v. Tompkins,* 304 U.S. 64 (1938), declared that
"There is no federal general common law." 304 U.S. at 78. However, with respect
to controversies arising under ERISA, we have traveled full circle- beginning with
the United States Supreme Court's decision in *Pilot Life Insurance Company v.
Dedeaux,* 481 U.S. 41, 55-56 (1987)- by endorsing the growth of a "federal
common law" emerging from that statutory scheme.

of force or violence." Motion at 10:23. *See Olson,*[3] 30 Cal. App. 4th at 825-26 (rejecting jury instructions that required plaintiff to prove that something unforeseen, unexplained, or unusual or involuntary occurred to cause the injury). Rather, because this is an "accidental death" policy, Plaintiff need merely show that Mr. Paulissen's death itself was unexpected. (The rule of law established is that if the death of the insured was objectively unexpected and unintended by the insured and happened out of the usual course of events, his death was accidental.").

Plaintiff has met her burden. According to U.S. Life's own expert, HAPE is "uncommon". Only two to three percent of trekkers to the Mr. Everest base camp are affected. And it is only fatal if the impaired individual does not descend to a lower altitude quickly enough... Death from HAPE cannot be said to be a common or expected result of a trek at high altitudes. Mr. Paulissen's "death was caused by accident because it was an unusual or unanticipated result flowing from a commonplace cause."... (Citation omitted)

205 F. Supp. 2d at 1128-1129.

*Third,* in *Chale v. Allstate Life Insurance Company,* 353 F. 3d 742 (9th Cir. 2003), a diversity of citizenship action, the insured, Bernard Chale, died of HAPE while climbing Mount Kilimanjaro. The Court of Appeals, applying Oregon's substantive law, in an opinion by Judge McKeown stated:

Luanne Chale brought this breach of contract suit against Allstate Life Insurance Company ("Allstate") after it declined to pay her a $100,000 accidental death benefit

---

[3] *Olson v. American Bankers Insurance Company of Florida,* 30 Cal. App. 4th 816, 35 Cal. Rptr. 2d 897 (1994).

13

under her husband's life insurance policy.  Because her husband's death from high altitude edema falls within the definition of "accidental injury" and does not fit with the "disease" exclusion of the policy, Mrs. Chale was entitled to summary judgment.  Accordingly, we reverse the district court's grant of summary judgment in favor of Allstate.

353 F. 3d at 744.

The District Court, in this ERISA case, took note of Reliance's concession that, by climbing Pastore Peak, Dr. Goldfarb had not committed suicide.[4]   From that concession, the District Court properly concluded that Reliance had arbitrarily, capriciously and unreasonably denied accidental death coverage premised on Reliance's speculation, as opposed to proof, that Dr. Goldfarb had suffered a fatal heart attack while he was either climbing or descending from Pastore Peak.

---

[4] The District Court's order granting the Goldfarb Brothers' motion for summary judgment has been electronically reported: (1) 2023 WL 1429799, and (2) 2023 U.S. Dist. LEXIS 1177.

## SUMMARY OF ARGUMENT

THE DISTRICT COURT CORRECTLY CONCLUDED THAT RELIANCE HAD ACTED ARBITRARILY, CAPRICIOUSLY AND UNREASONABLY BY DENYING THE GOLDFARB BROTHERS' CLAIMS FOR ACCIDENTAL DEATH BENEFITS UNDER THE POLICY.

In *Horton v. Reliance Standard Life Insurance Company,* 141 F. 3d 1038, 1040 (11th Cir. 1998), this Court noted:

> A plaintiff suing under [29 U.S.C. § 1132(a)(1)(B)] bears the burden of proving his entitlement to contractual benefits... *But if the insurer claims that a specific policy exclusion applies to deny the insured benefits, the insurer must generally prove the exclusion prevents coverage...*" (citations omitted, emphasis supplied)

On this appeal, Reliance seeks simultaneously to (1) insinuate that Dr. Goldfarb died not from an accident but from a heart attack while climbing Pastore Peak and (2) avoid shouldering its burden of so proving.

The District Court correctly rejected Reliance's "heads I win, tails you lose" opposition to the Goldfarb Brothers' claims for accidental death benefits and so should this Court.

## ARGUMENT

THE DISTRICT COURT CORRECTLY CONCLUDED
THAT RELIANCE HAD ACTED ARBITRARILY,
CAPRICIOUSLY AND UNREASONABLY BY
DENYING THE GOLDFARB BROTHERS' CLAIMS
FOR ACCIDENTAL DEATH BENEFITS UNDER THE
POLICY.

In *Knight v. Metropolitan Life Insurance Company,* 103 Ariz. 100, 437 P. 2d

416 (1968), Jackie Knight, then 22 years of age and an experienced diver, suffered

his death almost immediately following a voluntary dive from atop Coolidge Dam in

Gila County, Arizona. Reversing the trial court's denial of accidental death benefits

to the deceased's mother, the Supreme Court of Arizona, in an opinion written by

Vice Chief Justice Udall, insightfully observed:

> One paying the premium for a policy which insures against
> "death by accidental means" intends to provide benefits to
> his family or named beneficiary in the event he should
> suffer death *caused by accident* as opposed to death caused
> by other means, such as suicide, murder, disease or natural
> death. He intends to insure against the fortuitous, the
> unintentional, and the unexpected, that which happens
> through mishap, mischance or misjudgment. When he pays
> that premium month after month he does not intend that
> any act committed by him, no matter how daring, reckless
> or foolhardy, be adjudged by a court under "reasonable
> man tests" or "natural and probable consequence"
> standards to deprive his beneficiary of contractual rights
> arising out of his unintended and unexpected and,
> therefore, accidental death.

The term "accidental means" as used in this policy should not be construed in a technical sense but should be given its ordinary and popular meaning according to common speech and usage and the understanding of the average man, Anno. 166 A.L.R. 474. Insurance policies upon which the public relies for security in case of accident should be free from fine distinctions which few can understand until pointed out by lawyers and judges, *Burr v. Commercial Travelers Mutual Accident Asso.* (1946), 295 N.Y. 294, 67 N.E.2d 248, 166 A.L.R. 462.

Insurance companies are the drafters of the policies they sell and if they want to exclude against reckless and foolhardy acts, such as driving at high rates of speed on an unfamiliar mountain road, *Scott v. New Empire Ins. Co.* (1965), 75 N.M. 81, 400 P.2d 953; or self-administering an overdose of narcotics, *Beckham v. Travelers Ins. Co.* (1967), 424 Pa. 107, 225 A.2d 532; or placing a gun to one's chest and pulling the trigger three times just to frighten one's friends, *Gulf Life Ins. Co. v. Nash*, 97 So.2d 4 (Fla.1957); or attempting a swan dive from perilous heights they have it in their power to make such exclusions. With simplicity and clarity of expression they may remove all doubt, *Murphy v. Travelers Ins. Co.*, 141 Neb. 41, 2 N.W.2d 576. On the other hand ambiguous and uncertain terms like "accidental means" should be construed in favor of the insured.

The policy here in question had certain exclusionary clauses among which were disease, surgical treatment, acts of war and any loss which is "caused by or resulting from intentional self-destruction * * * while sane or insane." No affirmative defense of suicide was here asserted and in fact it was conceded that Jackie Knight did not intend to commit suicide.

Jackie E. Knight attempted a very daring dive. That a reasonable man might consider his voluntary stunt

foolhardy does not of itself make the result any less accidental. He thought he could successfully perform the feat; and if he had not suffered the mishap of rolling over on his back just before he hit the water who is there to say that he would not be attempting dives from even greater heights today? When a man has died in such a way that his death is spoken of as an accident, he has died because of an accident, and hence by accidental means.

The judgment of the trial court is reversed and it is directed that judgment be entered for plaintiff for the amount of insurance specified in the policy for death by accidental means.

103 Ariz. at 104-105, 437 P. 2d at 420-421.

The essential question which Judge Moreno at oral argument posed to Reliance's counsel was: if Dr. Goldfarb had not committed suicide (as Reliance had so stipulated) and in the absence of Dr. Goldfarb's body, how had Dr. Goldfarb died if not by accident?

Judge Moreno answered his question by concluding that Dr. Goldfarb had died by accident. Reliance, in its brief to this Court, has been unable logically to refute Judge Moreno's answer. Consequently, Reliance breached the Policy when it refused to pay the $500,000.00 accidental benefit, for which Reliance should be held liable in damages to the Goldfarb Brothers.

# CONCLUSION

The *Chale* decision was released by the Ninth Circuit in 2003, more than fifteen years before Reliance issued the Policy. During the interim, Reliance could have unilaterally modified its accidental death benefit language to exclude mountain climbing because that activity was deemed to pose an unacceptable risk. Reliance chose not to do so. Having so chosen, its denial of the Goldfarb Brothers' claims for accidental death benefits was- as the District Court correctly determined- arbitrary, capricious and unreasonable.

The spiritual aspects of mountain climbing have been ingrained in western culture for more than three thousand years. The Bible relates that Moses the Lawgiver partially climbed Mount Sinai once[5] and fully climbed it twice.[6] When it came time for Aaron the High Priest to die, he and Moses together climbed Mount Hor.[7] Before the Israelites crossed the River Jordan, Moses climbed Mount Nebo, where he passed away.[8] The Prophet Elijah, after his confrontation with the disciples

---

[5] *Exodus,* 19:3.

[6] *Exodus,* 24:15 and 34:2-4.

[7] *Numbers,* 20:27.

[8] *Deuteronomy*, 34:1.

of Baal, climbed Mount Carmel.[9]

In American popular culture, mountain climbing has long been a metaphor for spiritual elevation and tenacity. For example, the Rogers and Hammerstein musical *Sound of Music* introduced the song *Climb Every Mountain*.[10]

---

[9] *I Kings,* 18:42.

[10] The lyrics of *Climb Every Mountain* follow:

Climb every mountain
Search high and low
Follow every highway
Every path you know.

Climb every mountain
Ford every stream
Follow every rainbow
'Till you find your dream.

A dream that will need
All the love you can give
Every day of your life
For as long as you live.

Climb every mountain
Ford every stream
Follow every rainbow
'Till you find your place.

Climb every mountain
Ford every stream
Follow every mountain
Don't you ever give up
Climb every mountain
There's a brighter day on the other side
Follow every rainbow
'Till you find your dream.

Dr. Goldfarb's death while mountain climbing should be viewed as accidental unless, through the consideration of competent evidence presented by Reliance, it is judicially determined that an exclusion from coverage-such as a heart attack- applies. In the absence of Dr. Goldfarb's body, Reliance's insinuation- without supporting evidence- that he died of a heart attack is an empty gesture which this Court should disregard, as has the District Court.

The District Court's judgment should be affirmed.

Respectfully submitted,

METSCHLAW, P.A.
Attorneys for the Goldfarb Brothers
3900 Flamewood Lane
Hollywood, FL 33021
Telephone: (305) 792-2540
Telecopier: (305) 792-2541
E-Mail: l.metsch@metsch.com


by    *S/Lawrence R. Metsch*
   LAWRENCE R. METSCH
   FBN 133162

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing brief is computer printed using 14-point Times New Roman font and consists of 3,524 words.

_S/Lawrence R. Metsch_
LAWRENCE R. METSCH
FBN 133162
May 21, 2023

## CERTIFICATE OF SERVICE

I hereby certify that true copies of the foregoing Appellees' Brief have been

electronically served this 21st day of May, 2023, on:

      Joshua Bachrach, Esq.
      Wilson Elser Moskowitz Edelman & Dicker, LLP
      Two Commerce Square
      2001 Market Street
      Suite 3100
      Philadelphia, PA 19103
      E-Mail: joshua.bachrach@wilsonelser.com

      Tanya Irene Suarez, Esq.
      Wilson Elser Moskowitz Edelman & Dicker, LLP
      100 S.E. 2nd Street
      Suite 2100
      Miami, FL 33131-2174
      E-Mail: tanya.suarez@wilsonelser.com

                                  *S/Lawrence R. Metsch*
                                LAWRENCE R. METSCH